**DISMISS and Opinion Filed July 12, 2021**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-21-00291-CV

## CODY BERNARD, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PAUL BERNARD, AND BLAKE BERNARD, Appellants
## V.
## ALEXANDER WESLEY KADIN, M.D., MEMORIAL HERMANN HEALTH SYSTEM D/B/A MEMORIAL HERMANN KATY HOSPITAL, CHI ST. LUKE'S HEALTH – THE WOODLANDS HOSPITAL, YASIR ELHAWI, M.D., AND HEINE RUIZ, M.D., Appellees

**On Appeal from the 215th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2020-53620**

## MEMORANDUM OPINION
Before Chief Justice Burns, Justice Molberg, and Justice Smith
Opinion by Chief Justice Burns

This interlocutory appeal, from the trial court's orders granting appellees' individual motions to dismiss the underlying health care liability claims against them, was brought pursuant to section 51.014(a)(10) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(10). Because section 51.014(a)(10) does not authorize the appeal and neither does any other

statute or rule, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

It is well-established that an appeal may only be taken from a final judgment that disposes of all parties and claims or from an interlocutory order as authorized by statute. *See Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 272 (Tex. 1992). Of the interlocutory rulings a trial court may make in a health care liability suit, appellate review is allowed for just two: (1) an order denying relief under section 74.351(b) and (2) an order granting relief under section 74.351(l). *See* CIV. PRAC. & REM. CODE §§ 51.014(a)(9),(10); *Lewis v. Funderburk*, 253 S.W.3d 204, 207 (Tex. 2008). Both sections allow for challenges to the expert report required to be served on the defendant no later than 120 days after the date the defendant's answer is filed, *see* CIV. PRAC. & REM. CODE § 74.351(a), but section 74.351(b) applies once the 120-day window has closed and further allows the defendant to move for dismissal of the claim with prejudice and for reasonable attorney's fees and costs. *See Funderburk*, 253 S.W.3d at 207 (comparing sections 74.351(b) and (l)).

The record here reflects the expert reports were timely served, and the motions to dismiss were filed after the 120-day window had closed. The record further reflects the motions to dismiss challenged the sufficiency of appellants' expert reports and, except for one, requested mandatory attorney's fees and costs. The appealed orders sustained the objections to the reports and dismissed the claims

against appellees but did not determine the amount of fees and costs to be awarded, with one order specifically stating that the amount was "TBD."

Given the record, we questioned whether section 51.014(a)(10) authorized the appeal. In jurisdictional briefing filed at our request, appellants urge the appeal is authorized under that section because, by sustaining the challenges, the orders granted relief under section 74.351(l). Alternatively, they argue the orders are final because all defendants have been dismissed.

Although the orders sustained appellees' challenges to the reports, the orders further dismissed the claims against appellees. An order that dismisses a health care liability claim is an order under section 74.351(b). *See Funderburk*, 253 S.W.3d at 207. And, while all defendants may have been dismissed, the orders are not final because the claims for fees and costs remain pending.[1] *See Jack B. Anglin*, 842 S.W.2d at 272.

Because the appealed orders granted relief under section 74.351(b) and did not address attorney's fees and costs, they are unappealable interlocutory orders. Accordingly, we dismiss the appeal. *See* TEX. R. APP. P. 42.3(a).

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

210291F.P05

---

[1] Appellants request that, in the event we determine the judgment is not final, we grant them sixty days to secure a final judgment. Nothing before us, however, reflects a hearing on the issue of fees and costs is imminent or has even been set. Accordingly, we decline the request.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

CODY BERNARD, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF PAUL BERNARD, AND BLAKE BERNARD, Appellants

No. 05-21-00291-CV     V.

ALEXANDER WESLEY KADIN, M.D., MEMORIAL HERMANN HEALTH SYSTEM D/B/A MEMORIAL HERMANN KATY HOSPITAL, CHI ST. LUKE'S HEALTH - THE WOODLANDS HOSPITAL, YASIR ELHAWI, M.D., AND HEINE RUIZ, M.D., Appellees

On Appeal from the 215th District Court, Harris County, Texas
Trial Court Cause No. 2020-53620.
Opinion delivered by Chief Justice Burns, Justices Molberg and Smith participating.

In accordance with this Court's opinion of this date, we **DISMISS** the appeal.

We **ORDER** that appellees Alexander Wesley Kadin, M.D., Memorial Hermann Health System d/b/a Memorial Hermann Katy Hospital, CHI St. Luke's Health - The Woodlands Hospital, Yasir Elhawi, M.D., and Heine Ruiz, M.D. recover their costs, if any, of this appeal from appellants Cody Bernard, Individually and as Representative of the Estate of Paul Bernard, and Blake Bernard.

Judgment entered July 12, 2021.